**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KECE ZENG,

Petitioner,

v.

MARK BOWEN, et al.,

Respondents.

CASE NO. 5:26-cv-06876-SK

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Kece Zeng is a citizen of China detained at the Adelanto ICE Processing Center and charged with removability as a B-2 tourist visitor overstay. He was arrested on an administrative warrant at Los Angeles International Airport on July 23, 2026 and has been detained since. This is his second habeas petition under 28 U.S.C. § 2241. On the first, the court conditionally granted the writ and ordered petitioner released unless he was provided an individualized bond hearing under 8 U.S.C. § 1226(a). *See Zeng v. Bowen*, No. 5:26-cv-05044-SK (C.D. Cal. Sept. 3, 2026). Petitioner received that hearing on September 16, 2026. At that time, the immigration judge found that he was not a danger to the community but ordered him detained as a flight risk.

Petitioner then moved to enforce the court's prior order and reopen judgment, claiming that the immigration judge had failed to conduct the bond hearing consistent with the court's condition for a § 1226(a) hearing. But after reviewing the digital audio recording of that hearing, as well as the immigration judge's written detention order, the court found that the hearing complied with the conditional judgment; that petitioner was afforded adequate procedural due process at the hearing; that the immigration judge did not abuse its discretion when applying the discretionary detention factors to the given facts; and that in any case petitioner needed to exhaust administrative remedies first.

Since then, petitioner says he has sought that administrative review of the immigration judge's detention order in the Board of Immigration Appeals. Even so, he now petitions for collateral habeas relief again—this time, though, disclaiming any challenge to the bond hearing or its outcome. His claim instead is that, no matter if his present detention is unchallenged or even held lawful, he should still be released under § 2241 because his earlier arrest and initial detention—without the so-called advance notice or a pre-detention hearing—independently violated procedural due process. But for the reasons below, petitioner's procedural due process claim, even on its own terms, does not warrant immediate release from custody.

1. "Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether [petitioner's] detention is illegal today." *Alvarez-Mendez v. Stock*, 941 F.2d 956, 960 (9th Cir. 1991); *see Maleng v. Cook*, 490 U.S. 488, 490-93 (1989) (per curiam). And "no matter the circumstances of the arrest that brought him into custody initially, petitioner [had] the chance to obtain release—and thus supersede his initial seizure—at a custody redetermination hearing before an immigration judge." *Mendez v. Senior Warden*, 2026 WL 2449572, at *3 (C.D. Cal. Aug. 20, 2026). So even if there were any procedural defects in how petitioner was seized and initially detained, "they are not appropriately raised in a habeas petition, which considers the lawfulness of a continuing detention." *L-J-P-L- v. Wamsley*, 2025 WL 2430268, at *6 & n.3 (D. Or. Aug. 22, 2025); *see United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (When "sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment."); *Wolck v. Weedin*, 58 F.2d 928, 930 (9th Cir. 1932) ("Irregularities on the part of the government official prior to, or in connection with, the arrest would not necessarily invalidate later proceedings in all respects conformable to law.").

2. What's more, even if petitioner were right—that the Fifth Amendment somehow constitutionally mandated not only advance notice of his arrest but also a

scheduled pre-detention hearing—he still must show prejudice from the denial of those procedures. *See Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1066 (9th Cir. 2008); *accord Herman v. DHS*, No. 5:26-CV-01995-MBK, 2026 WL 1723960, at *4 (C.D. Cal. June 12, 2026) (recognizing that detainee's procedural due process claim of "sudden re-detention" "without notice or a meaningful opportunity to be heard why he should not be detained" is still subject to harmless error review). In other words, petitioner's procedural due process claim "asks us to engage with a counterfactual: Would the deprivation of life, liberty, or property have still occurred even there had been due process." *Nationwide Recovery, Inc. v. City of Detroit*, 163 F.4th 977, 990 (6th Cir. 2026). Under petitioner's own counterfactual, he was owed a pre-detention hearing before an immigration judge. Yet petitioner never explains how the outcome of that missing pre-detention hearing would have been any different than the result of the consummated detention hearing he received after his arrest. *Cf. United States v. Montalvo-Murillo*, 495 U.S. 711, 721 (1990) ("An order of release in the face of the Government's ability to prove at once that detention is required by the law has neither causal nor proportional relation to any harm caused by the delay in holding the hearing.").

3. Petitioner is also mistaken that release—and only release—can restore him to the proper "status quo" ante. (ECF 1 at 7). That contention is, for starters, wrong as a matter of habeas remedy law. *See, e.g.*, *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (Release "need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted."); *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (The "federal courts may delay the release of a successful habeas petitioner in order to provide the [government] an opportunity to correct the constitutional violation found by the court."). But it also confuses the loss of liberty, which is undeniably a right protected by the Due Process Clause, with the procedural due process violation itself—which is not the loss of liberty alone, but the loss of that protected interest *without the process due. See Zinermon v. Burch*, 494 U.S. 113, 125 (1990) ("In procedural due process claims,

the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*.") (original emphasis).

4. The status quo ante for petitioner, then, is not freedom from custody as such. Correctly conceived according to petitioner's own theory, his status quo ante would be one in which he were told of the government's desire to detain him and then summoned to appear at a pre-detention hearing before an immigration judge. But one need not guess what would have happened in that but-for world: the outcome is knowable because an immigration judge had such a hearing—and ordered petitioner detained. He thus cannot show any prejudice from his claimed procedural due process violations. Besides, if unconditional release were the correct habeas remedy for the alleged inadequate process here (no announcement of a planned arrest or a prescheduled detention hearing), petitioner would be granted a "windfall," *Lafler v. Cooper*, 566 U.S. 156, 170 (2012), rather than the equitable habeas remedy that "law and justice" require, 28 U.S.C. § 2243.

* * *

For these reasons, the successive petition under 28 U.S.C. § 2241 is denied. Judgment will be entered dismissing this action without prejudice, subject to the understanding that any more successive petitions alleging claims that were—or could have been raised—in a prior petition may be summarily dismissed as an abuse of the writ. *See Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023).

IT IS SO ORDERED.

DATED: November 19, 2026

STEVE KIM
United States Magistrate Judge